IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES WALTON JORDAN III, | § § | |
| *Plaintiff,* | § § | SA-23-CV-01511-FB |
| vs. | § § § | |
| FRANKLIN MCBLAIN, | § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant McBlain's Motion for Summary Judgment [#24]. Plaintiff filed a response in opposition to the motion [#26], to which Defendant timely filed a reply [#27]. The District Court referred this case to the undersigned on January 21, 2024, for all pretrial proceedings [#7]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned will recommend that Defendant's motion be **GRANTED**.

## I. Background

This civil rights action arises out of Defendant McBlain's drafting of an affidavit for an arrest warrant that erroneously named Plaintiff James Walton Jordan, III, as a target, leading to Plaintiff's arrest and detention. Plaintiff's live pleading is his Original Complaint [#1]. The Court previously dismissed Plaintiff's claims against the San Antonio Police Department ("SAPD") and the City of San Antonio following Plaintiff's Notice of Dismissal of these two defendants [#10]. McBlain is the only remaining defendant in this case. In addition, the Court

previously dismissed all state-law tort claims asserted against McBlain with prejudice [#12], leaving only Plaintiff's Fourth and Fourteenth claims against McBlain.

According to his Complaint, Plaintiff was arrested in August 2022 based on a warrant issued by McBlain in connection with a machinery theft that occurred in 2020. (Compl. [#1], at 3.) The warrant erroneously identified Plaintiff as a suspect in the machinery theft, mistaking Plaintiff for "James W. Jordan"—a person with the same first name, middle initial, and last name as Plaintiff, but with a different date of birth. (*Id.* at 4.) Plaintiff pleads that McBlain failed to perform any kind of review of the information placed in the warrant to determine if the target was correctly identified, demonstrating a reckless disregard for Plaintiff's constitutional rights and leading to the issuance of an arrest warrant for an innocent person. (*Id.*) Plaintiff was detained for three days following the arrest, initially without bond. (*Id.*)

Based on these allegations, Plaintiff asserts violations of the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against McBlain in his individual capacity. Plaintiff pleads that he was arrested without probable cause in violation of the Fourth Amendment. (Compl. [#1], at 5.) Plaintiff alternatively pleads that McBlain violated his Fourteenth Amendment rights by using false information to obtain the arrest warrant that resulted in his unlawful arrest and detention. (*Id*. at 6.) Finally, Plaintiff alternatively pleads that McBlain violated his Fourth Amendment rights under *Franks v. Delaware*, 438 U.S. 154 (1978), by knowingly, intentionally, or with reckless disregard for the truth making a false statement naming Plaintiff as the target of the arrest warrant. (*Id*. at 6.) Asserting the defense of qualified immunity, McBlain seeks summary judgment on all claims.

## II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

McBlain moves for summary judgment on the basis of qualified immunity. Qualified immunity shields federal and state officials from individual liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A right is clearly established for purposes of the second step of the qualified-immunity analysis if it would be clear to a reasonable official, at the time of the challenged conduct, that his or her conduct violated the statutory or constitutional right at issue. *Saucier v. Katz*, 533 U.S. 194, 206 (2001). Stated another way, a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The burden is on the plaintiff to disprove a defendant's qualified-immunity defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

### III. Summary Judgment Record

The summary judgment record contains the following disputed and undisputed evidence. McBlain was police officer with the SAPD for over 30 years until retiring in January 2024. (McBlain Decl. [#24-1], at 1.) In his role as a Detective Investigator for the SAPD, McBlain was assigned to investigate the theft of heavy construction equipment that occurred in Bexar County, Texas, in April 2020. (McBlain Decl. [#24-2], at 1-2; Affidavit for Arrest Warrant [#24-2], at 9.) While investigating the theft, McBlain spoke with the buyer of the stolen equipment. (McBlain Decl. [#24-1], at 2.) Through this interaction, McBlain obtained a copy of the driver's license of one of the suspects in the theft: James W. Jordan. (McBlain Decl. [#24-1], at 2.) Suspect Jordan

4

had left a picture of his driver's license with the buyer because the bank that processed the buyer's loan to purchase the equipment required a photo ID from the seller (Suspect Jordan) to process the loan documents. (Affidavit for Arrest Warrant [#24-2], at 9; McBlain Decl. [#24-1], at 2.) The date of birth listed on Suspect Jordan's license was in 1954. (McBlain Decl. [#24-1], at 2.)

McBlain continued investigating the theft by searching the name "James W. Jordan" in the SAPD Master Name Inquiry System Database. (McBlain Decl. [#24-1], at 2.) McBlain found a matching name in the database with the assigned security identification ("SID") number 526827. (SAPD Master Name Inquiry System Results [#24-2], at 8.) McBlain prepared a probable cause affidavit for an arrest warrant for James W. Jordan based on the database search results. (McBlain Decl. [#24-1], at 2.) McBlain subsequently presented the affidavit to a magistrate and obtained an arrest warrant. (McBlain Decl. [#24-1], at 2; Affidavit for Arrest Warrant [#24-2], at 11.) Prior to submitting the affidavit to the magistrate, McClain did not compare the birthdate for the James W. Jordan in the database (1972) to the birthdate on Suspect Jordan's license (1954). According to McBlain, he made an "honest mistake" when he failed to notice that Plaintiff, the James W. Jordan he found in the SAPD database, had a different birth date than the one listed on the suspect's driver's license. (McBlain Decl. [#24-1], at 2; Answers to Interrogatories, [#26-1], at 11.)

It is undisputed that the James W. Jordan that appeared in McBlain's database search results and that McBlain listed in the arrest warrant was Plaintiff—a man who shares a first name, middle initial, and last name with Suspect Jordan, but has a different date of birth. (McBlain Decl. [#24-1], at 2.) The arrest warrant that McBlain drafted lists James W. Jordan as a White/Caucasian male with a date of birth in 1972 and includes his last known address and

5

Texas Driver's License number. (Arrest Warrant, [24-2], at 11.) The parties do not dispute that James W. Jordan was arrested in August 2022 pursuant to the warrant that McBlain drafted. (Compl. [#1], at 3; Mot. for Summ. J [#24], at 2-3.)

## IV. Analysis

McBlain moves for summary judgment on Plaintiff's Section 1983 claims arising from alleged Fourth and Fourteenth Amendment violations. McBlain asserts the defense of qualified immunity, arguing that his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant is entitled to summary judgment on Plaintiff's Fourteenth Amendment wrongful-arrest claim because McBain's claims are properly addressed under the Fourth Amendment. As for the alleged Fourth Amendment violations, Plaintiff has not met his burden to rebut McBlain's qualified immunity defense by showing that Defendant's allegedly wrongful conduct violated clearly established law. The Court should therefore grant Defendant's Motion for Summary Judgment.

> **A. Defendant is entitled to summary judgment on Plaintiff's Fourteenth Amendment claim because it is properly addressed under the Fourth Amendment.**

Plaintiff alleges that he was arrested and detained without probable cause after McBlain identified Plaintiff in an arrest warrant affidavit without a legal basis for doing so. (Compl. [#1], at 5.) Plaintiff pleads that McBlain's reliance on false information in obtaining the warrant violated his Fourth Amendment right against unreasonable seizure or, alternatively, his substantive due process rights under the Fourteenth Amendment. (Compl. [#1], at 5-6.) As McBlain argues in his motion for summary judgment, claims based on false identification in an arrest warrant are properly analyzed under the Fourth instead of the Fourteenth Amendment.

6

*Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Plaintiff's Section 1983 claim against McBlain for wrongful arrest and detention is properly considered under the Fourth Amendment's reasonableness standard rather than under a substantive due process standard. *Id.* In *Blackwell*, the Fifth Circuit held that the Fourth Amendment was the "more specific constitutional right" implicated by the arrestee's Section 1983 claim for illegal arrest based on mistaken identity. *Id.*; *see also Farber v. City of Gainsville*, No. 4:23-cv-552-ALM-KPJ, 2024 WL 1312496, at *3-4 (E.D. Tex. Mar. 4, 2024) (plaintiff could not recover under the Fourteenth Amendment for claims based on her improper arrest pursuant to an allegedly invalid warrant). Because Plaintiff cannot prevail on a due process claim under the Fourteenth Amendment, McBlain is entitled to judgment as a matter of law on this claim.

**B. Defendant is entitled to the defense of qualified immunity on Plaintiff's Fourth Amendment claims.**

In his Complaint, Plaintiff challenges McBlain's drafting of the arrest warrant affidavit based on two kinds of Fourth Amendment violations: 1) arrest without probable cause; and 2) a *Franks* violation. 438 U.S. 154 (1978). Plaintiff has failed to meet his burden to disprove McBain's qualified-immunity defense on both Fourth Amendment claims. *See Club Retro*, 568 F.3d at 194.

First, Plaintiff relies on *Beck v. Ohio* to assert that his right against arrest without probable cause was clearly established at the time of McBlain's conduct. 379 U.S. 89, 91 (1964). (Resp. [#26], at 6.) This attempt to establish the second prong of the qualified immunity defense fails because the "clearly established" right Plaintiff references is asserted at far too high a level of generality. The Supreme Court has repeatedly admonished lower courts to refrain

7

from defining clearly established law at a high level of generality. *See, e.g.*, *al-Kidd*, 563 U.S. at 742. Instead, the inquiry must be undertaken in light of the specific factual context of the case. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). To show the law is clearly established and defeat a qualified immunity defense, a plaintiff must therefore "identify a case where an officer acting under similar circumstances" was found to have violated the Fourth Amendment. *Nerio v. Evans*, 974 F.3d 571, 575 (quoting *District of Columbia v. Wesby*, 538 U.S. 48, 64 (2018)).

Plaintiff's argument fails because *Beck* is easily distinguishable from this case. In *Beck*, the petitioner challenged the constitutionality of a warrantless arrest that was based only on the arresting officers' knowledge of what the petitioner looked like and that he had a previous record of arrests or convictions for violations of a clearing house law. *Beck*, 379 U.S. at 96-7. Unlike *Beck*, this case does not involve a warrantless arrest; it involves an arrest based on a warrant that contained mistakes. Specifically, McBlain misidentified Plaintiff as the suspect of the theft in the probable cause affidavit he submitted to secure an arrest warrant. Plaintiff argues McBlain was or should have been aware that Plaintiff was not a proper target of the arrest because Plaintiff's birthdate, driver's license number, address, and race were different from Suspect Jordan's information, as documented in the copy that McBlain had obtained of Suspect Jordan's driver's license during his investigation. *Beck* does not speak to this situation. Because Plaintiff has failed to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment, McBlain is entitled to judgement as a matter of law based on his qualified immunity defense to Plaintiff's wrongful-arrest claim.

Second, Plaintiff asserts that McBlain violated clearly established Fourth Amendment law under *Franks v. Delaware* by disregarding exculpatory evidence when he named Plaintiff instead of Suspect Jordan as the target of the arrest warrant. 438 U.S. at 154. Plaintiff again

attempts to define clearly established law at too high a level of generality in attempting to rebut Defendant's qualified immunity defense to Plaintiff's *Franks* claim.  Since *Franks v. Delaware*, case law has clearly established that a warrant affiant violates an arrestee's Fourth Amendment rights if (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, includes a false statement in the affidavit; and (2) the allegedly false statement is necessary to a finding of probable cause for issuance of the warrant.  *Winfrey v. Rogers*, 901 F. 3d 483, 494 (5th Cir. 2018).  However, the cases Plaintiff cites in support of his argument that McBlain violated clearly established law under *Franks* are factually distinguishable from the case at hand.

Plaintiff first analogizes to *Winfrey*, a case where the officer who drafted the arrest affidavit: 1) omitted an informant's statements that were contradicted by physical evidence; 2) omitted inconsistencies between the informant's various statements to officers that suggested the arrestee may not have been present at the scene of the crime; and 3) misstated that the arrestee's scent had been used in a drop-trail from the crime victim's house to the arrestee's house when someone else's had been used.  *Id.* at 494.  Whereas the affiant in *Winfrey* knowingly made misstatements and omissions related to inconsistencies in witness testimony and search evidence, McBlain at most negligently failed to compare a copy of the suspect's driver's license to SAPD database search results that returned a matching name to confirm that there were no inconsistencies in biographical details.  Plaintiff cannot rely on *Winfrey* to establish that McBlain's conduct violated clearly established law because of the distinctive factual contexts of these cases.

The other cases that Plaintiff cites in support of his argument that McBlain violated clearly established law are also easily distinguished from the one at hand.  In *Terwilliger v. Reyna*, 4 F.4th 270, 283 (5th Cir. 2021), the arrestees alleged that the officer defendants

9

deliberately excluded relevant information from their affidavits including video evidence of the incident in question, witness interviews, and information related to the arrestees' membership in social groups known to be unaffiliated with the gangs that were targeted by the challenged arrest warrant.  Here, there is no evidence that McBlain intentionally named the wrong suspect or that he knowingly omitted exculpatory information from his affidavit, so McBlain's conduct is not analogous to the *Terwilliger* officers' conduct.  Neither is McBlain's conduct analogous to the conduct of the officers in *Franks* itself, where the officer defendants misstated that they had personally interviewed witnesses whose testimony was central to identifying information included in their affidavit when they had not in fact conducted the interviews.  438 U.S. at 158.  Given the divergences between the factual contexts of the cases that Plaintiff cites and the alleged wrongful conduct in this case, Plaintiff has failed to demonstrate that McBlain's failure to compare the suspect's driver's license to the SAPD database search results prior to preparing his probable cause affidavit constitutes a violation of Plaintiff's clearly established Fourth Amendment rights.

Accordingly, Plaintiff has failed to meet his burden to disprove McBlain's qualified-immunity defense and demonstrate that there is a genuine issue of material fact for trial.  *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).  Plaintiff has not presented evidence to show that McBlain acted intentionally or knowingly in misidentifying him in the probable cause affidavit that led to Plaintiff's arrest.  Nor has Plaintiff has identified a case where an officer acting similarly to McBlain was found to have violated the Fourth Amendment.  The Court should therefore grant Defendant's motion for summary judgment.

## VI.  Conclusion and Recommendation

Having considered the motion filed by Defendant, the response and reply thereto, the summary-judgment record, and the governing law, the undersigned **RECOMMENDS** that Defendant McBlain's Motion for Summary Judgment [#24] be **GRANTED**.

## VII.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 11th day of December, 2025.

                                             ELIZABETH S. ("BETSY") CHESTNEY
                                             UNITED STATES MAGISTRATE JUDGE