IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES WALTON JORDAN, III § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-23-CV-1511-FB |
| § | |
| CITY OF SAN ANTONIO POLICE § | |
| DEPARTMENT; CITY OF SAN ANTONIO; § | |
| and FRANKLIN MCBLAIN, § | |
| § | |
| Defendants. § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on December 11, 2025 (docket #28). According to the CM/ECF system, the Report and Recommendation was electronically transmitted to all the parties on December 11, 2025. To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219,

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id.* at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendant Detective Franklin McBlain's Motion for Summary Judgment filed on June 26, 2025 (docket #24), shall be GRANTED.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on December 11, 2025 (docket #28), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant Detective Franklin McBlain's Motion for Summary Judgment (docket #24) is GRANTED and all of Plaintiff's remaining claims against Defendant Detective Franklin McBlain are DISMISSED WITH PREJUDICE.[2]

IT IS FURTHER ORDERED that motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of December, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[2] On February 14, 2024, Plaintiff voluntarily dismissed, without prejudice, his claims against Defendants San Antonio Police Department and the City of San Antonio (docket #10), leaving Defendant Detective McBlain as the only remaining defendant in this case. On February 21, 2024, all state-law tort claims asserted against Defendant McBlain were dismissed with prejudice (docket #12), leaving only Plaintiff's Fourth and Fourteenth claims pending in this case against Detective McBlain, which are the subject of the current Report and Recommendation.